NATIONAL CABLE RY. Co. *v.* MT. ADAMS & E. P. I. RY. Co.

*(Circuit Court, S. D. Ohio, W. D.* May 24, 1889.)

**1. PATENTS—ENDLESS-ROPE RAILWAYS—ANTICIPATION.**
The first claim of letters patent No. 195,372, for "improvement in endless-rope traction railways," granted to Asa E. Hovey, September 18, 1877, which is "the construction and arrangement together of the brackets * * * and rails * * * forming the frame or skeleton for a rope tunnel for endless-rope traction railways, said brackets forming a support for the groove rails, and for the planking forming the sides or shell of the tunnel," is void for want of invention, having been anticipated by the Gardner patent No. 19,-736, of March 23, 1858, the Thompson patent No. 131,913, of October 1, 1872, and the structure used in 1873 by the Clay-Street Hill Road of San Francisco, Cal.

**2. SAME—INVENTION.**
Any differences in construction and material between the structure described by the first claim of the Hovey patent, and the devices covered by the prior patents and used by the Clay-Street Hill Road, do not constitute invention, but merely involve ordinary mechanical skill, and are not patentable.

**3. SAME—INFRINGEMENT.**
If such first claim could be sustained by limiting its scope, so as to make it cover all of the elements described in the specifications, it is not infringed by the structure used by defendant, the Mt. Adams & Eden Park Inclined Railway Company.

**4. SAME—ANTICIPATION.**
The first branch of the sixth claim of said letters patent, in reference to the combination, "with the rope tunnel or chamber, of pulleys journaled in the same, upon which the rope runs," was anticipated by the Gardner patent, and is not patentable.

**5. SAME.**

The second branch of the sixth claim, relating to the "means for lubricating the bearings of said pulleys from the outside of the tunnel," lacks invention, and is not patentable, in view of the well-known use of tubes to carry oil to inaccessible journals.

**6. SAME—INFRINGEMENT.**

Even if such sixth claim were patentable, it is not infringed by defendant, who does not use any oil reservoirs or tubes leading from the outside of the tunnel to the shaft bearings, such as are covered by said sixth claim.

In Equity. Bill for infringement of patent, filed by the National Cable Railway Company against the Mt. Adams & Eden Park Inclined Railway Company. The first claim of complainants patent is as follows: " The construction and arrangement together of the brackets, A A, and rails, B B,' forming the frame or skeleton for a rope tunnel for endless-rope traction railways, said brackets forming a support for the groove rails, and for the planking forming the sides or shell of the tunnel, substantially as herein described and specified."

*George Harding,* for complainant.

*Parkinson & Parkinson* and *Ramsey, Maxwell & Ramsey,* for defendant.

JACKSON, J. As the assignee and present owner of letters patent No. 195,372, for "improvement in endless-rope traction (or cable) railways," granted to Asa E. Hovey, September 18, 1877, the complainant brings this suit to restrain the defendant from infringing the same, and for an account of profits. The complainants insist that the defendant infringes the first and sixth claims of said letters patent. The defendant sets up various defenses: Anticipation by prior public use of like structures and by prior patents; want of patentable novelty; and denial of infringement. The issues thus raised and presented have been carefully examined and considered in connection with the evidence in the cause, and without going into details or a full review of the facts established by the evidence, and of the law applicable thereto, the conclusions of the court are the following, viz.:

1. That, considered in the light of the prior art, as shown, more particularly, in the Gardner patent No. 19,736, of March 23, 1858, and in the Thompson patent No. 131,913, of October 1, 1872, and in the structure actually used and employed in 1873 by the Clay-Street Hill Road of San Francisco, Cal., the device or combination covered by the first claim of said Hovey patent No. 195,372 is wanting in novelty and patentable invention, the same having been anticipated by said prior patents, and the structure used by said Clay-Street Road.

2. That whatever differences in construction and material exist between the structure described in and by the first claim of said Hovey patent No. 195,372 and the devices covered by the foregoing prior patents, together with that actually used and employed in 1873 by the Clay-Street Hill Road of San Francisco, such differences do not constitute invention, but merely involve the exercise of ordinary mechanical skill, and were not, therefore, patentable.

3. That if the first claim of said letters patent No. 195,372 could be

sustained by limiting its scope and operation, so as to make it cover and embrace all the elements of the combination described in the specifications, including the sill, C, and the planking resting thereon, which forms the sides or shell of the tunnel, then, as thus limited and confined to the specific structure described in the patent, it is not infringed by the defendant's structure.

4. That the first clause or branch of the sixth claim of said letters patent, in reference to the arrangement or combination "with the rope tunnel or chamber of pulleys journaled in the same, upon which the rope runs," was anticipated by the Gardner patent No. 19,736, and is wanting in patentable novelty; that, in respect to the second clause of said claim relating to the "means for lubricating the bearings of said pulleys from the outside of the tunnel, substantially as described and shown," no patentable invention is shown, in view of the general and well-known use of tubes for carrying oil to inaccessible journals.

5. But, if said sixth claim contained any patentable device, the same is not infringed by the defendant, who employs a different means for oiling its journal boxes. Defendant does not use or employ any oil reservoirs or oil tubes leading from the outside of the tunnel to the shaft bearings such as those described in the specifications and drawings of said letters patent No. 195,372, and complainant, certainly, cannot properly insist upon such a broad construction of the latter clause of said sixth claim as to cover any and all openings or holes made in the covering of the tunnel for the purpose of reaching the journals with oil, directly applied.

6. It follows from the foregoing conclusions that the complainant's bill must be dismissed, which is accordingly ordered and adjudged, with costs.